UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PROGRESSIVE NURSING STAFFERS OF VIRGINIA, INC.,**<br><br>    **Plaintiff,**<br><br>          v.<br><br>**CAPITOL MEDICAL CENTER, LLC, and SPECIALTY HOSPITAL OF WASHINGTON, LLC,**<br><br>    **Defendant.** | Civil Action No. 11-2160 (JDB) |

**MEMORANDUM OPINION**

Plaintiff Progressive Nursing Staffers of Virginia, Inc., has moved for default judgment against defendant Capitol Medical Center, LLC, in this action for breach of contract and unjust enrichment. For the reasons explained below, the Court will grant Progressive's motion.

**BACKGROUND**

Progressive operates a nurse staffing business, which provides hospitals with nurses and other healthcare professionals. See Compl. ¶ 7 [Docket Entry 1] (Dec. 6, 2011). In its complaint, Progressive alleges that it entered into three agreements with Capitol Medical and co-defendant Specialty Hospital of Washington, LLC, in which Progressive agreed to provide nurse staffing services at certain rates. According to the complaint, the defendants conducted business under the name United Medical Center. See id. ¶¶ 1-2. Capitol Medical operated as United Medical Center during the relevant time period. See id. ¶ 13.[1] According to the complaint, the agreements

---

[1] Progressive subsequently decided to dismiss the case against co-defendant Specialty Hospital, and the Court entered an order dismissing the action as to Specialty pursuant to Progressive and Specialty's joint stipulation. See Order [Docket Entry 28] (Aug. 27, 2012). Progressive received no funds from Specialty, and hence no question of offset arises.

1

obligated defendants to pay for services within thirty days of each invoice and specified an interest rate of 1.25% per month on all overdue amounts. See id. ¶¶ 19, 22. Capitol Medical made payments on the invoices throughout the parties' relationship. See id. ¶ 17. But, Progressive alleges, Capitol Medical failed to pay for nursing services provided over a thirteen-month period. See id. ¶ 18. On December 6, 2011, Progressive filed this suit, seeking damages for breach of contract, breach of implied-in-fact contract, and unjust enrichment. Capitol Medical was personally served with process via its registered agent on December 8, 2011. See Aff. of Service [Docket Entry 12] (Jan. 6, 2012). Its answer was due on December 29, 2011. See Fed. R. Civ. P. 12(a)(1)(A)(i). However, Capitol Medical has failed to respond to the complaint and has entered no appearance in the case. On August 23, 2012, the Clerk of Court entered default against Capitol Medical. See Default [Docket Entry 27] (Aug. 23, 2012). Progressive then moved for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55(a) directs the Clerk of Court to enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the Clerk, a Court may enter a default judgment. See Fed. R. Civ. P. 55(b)(2).

"The determination of whether default judgment is appropriate is committed to the discretion of the trial court." Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC, 531 F. Supp. 2d 56, 57 (D.D.C.2008). Upon entry of default, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." United States v. Bentley, 756 F. Supp. 2d 1, 3 (D.D.C. 2010) (internal quotation marks omitted).

"Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." Id. (internal quotation marks omitted). The Court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B); see also Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980) ("a court must hold a hearing on damages before entering a judgment on an unliquidated claim even against a defendant who has been totally unresponsive"). Accordingly, on January 11, 2013, the Court held a hearing on the issue of damages.

## ANALYSIS

As a threshold matter, the Court has subject-matter jurisdiction over the action. Plaintiff Progressive is a Virginia corporation with its principal place of business in Virginia. Defendant Capitol Medical is a Delaware corporation, as is dismissed Defendant Specialty Hospital. Defendants formerly conducted business in Washington, D.C., and their principal place of business, if any, is in the District. The parties are completely diverse: no single defendant and no single plaintiff are citizens of the same state. And the amount in controversy exceeds $75,000: Progressive seeks $202,710.15 aside from interest, fees, and costs from Capitol Medical. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

Armed with jurisdiction, the Court has no trouble granting Progressive's motion. The Clerk of Court entered Capitol Medical's default, and so Capitol Medical is deemed to admit every well-pleaded allegation in the complaint. See Bentley, 756 F. Supp. 2d at 3. These admissions amply support Progressive's claims, establishing that Capitol Medical breached the contract and was unjustly enriched by Progressive's uncompensated services. Ultimately, "[g]iven the absence of any request to set aside the default or suggestion by the defendant that it

has a meritorious defense, it is clear that the standard for default judgment has been satisfied." See Int'l Painters, 531 F. Supp. 2d at 57 (internal quotation marks omitted).

As to the sum to be awarded, Progressive has produced evidence that the unpaid invoices total $202,710.15: it has provided an affidavit by its Vice President attesting to this amount and confirming the key facts alleged in the complaint, and has attached copies of the agreements and a report summarizing the unpaid invoices. [Docket Entry 29-2]. Progressive also attached copies of the agreements, which provide for 1.25% monthly interest on unpaid invoices. The invoices reflect that, as of today, the accrued interest is $92,800.27. [Docket Entry 30-1]. Per the terms of the contract, interest continues to accrue until the amount is paid. Finally, as the attached agreements demonstrate, the parties provided that Progressive would be entitled to all collection costs including reasonable attorney fees and court filing fees in case of nonpayment. Progressive seeks $74,648.00 in attorney fees, the amount it has paid its counsel, and submits a bill reflecting that total. [Docket Entry 30-2]. Absent any argument to the contrary, the Court finds this fee reasonable. Progressive also seeks $1,922.07 in costs, including filing and copying costs. [Docket Entry 30-3]. Consistent with the January 11, 2013, hearing—at which Capitol Medical did not appear despite the Court's invitation that it "attend the hearing and present competent evidence" to "the extent [it] wishes to contest plaintiff's calculation of damages," see Order (Dec. 20, 2012)—the Court finds that the full award Progressive seeks is proper.

## CONCLUSION

Accordingly, the Court finds that Progressive has met all the conditions to obtain a default judgment against Capitol Medical, LLC, in the amount of $202,710.15, plus interest, as well as $74,648.00 in attorney fees and $1,922.07 in other collection costs. A separate Order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: January 11, 2013